## STATE COURT OF APPEALS—Continued

### No. 695
### ARNOLD v. TRAUBERMAN et al
No. 2182.  June 16, 1923
Ohio Appeals, 1st Dist., Hamilton County

**915.  PERSONAL INJURIES—Verdict held proper under circumstances of case.**

HAMILTON, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Trauberman brought an action in the Munivipal Court of Cincinnati for personal injuries which he claimed were caused by the negligence of one Arnold and one Huber. The plaintiff claimed that the cars of the two defendants collided at a street intersection and that Huber's car was forced upon the sidewalk against defendant. Plaintiff recovered a verdict for $300 against Arnold alone. The Municipal Court reduced this to $240 and entered judgment for the plaintiff. Arnold prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That there was no prejudicial error in the record which would justify a new trial and moreover, that the verdict was not manifestly against the weight of the evidence.

Attorneys—Taft & Taft, for Arnold; De Camp, Sutphin & Brumleve, for Trauberman et al; all of Cincinnati.

### No. 696
### HOCKING VALLEY RY. CO. v. WHITAKER
No. 4019.  Decided June 9, 1924

**453.  EMPLOYERS' LIABILITY ACT—1. Employes assume risk of accidental injury under federal act.**

**2. Where there is no evidence of negligence on the part of fellow-servant, directed verdict held proper.**

PER CURIAM.
Epitomized Opinion
Published Only in Ohio Law Abstract

Whitaker brought an action to recover damages from the Hocking Valley R. R. Co. for personal injuries sustained by him while in its employ. At the time of the accident plaintiff and defendant were both engaged in interstate commerce. Whitaker's duties consisted in transferring freight to and from cars at Marion, Ohio. At the immediate time of the injury he was unloading vaults from a box car when one of the vaults fell on his arm, seriously injuring him.

The plaintiff averred that the Railroad Company was negligent in that a fellow-servant failed to assist in preventing the vault from falling from the truck; in that the Railroad Company failed to equip the truck with materials to prevent the vault from slipping off the truck; in that the fellow-servant failed to warn plaintiff and in that the fellow-servant failed to place the truck in a proper position. The answer denied negligence and averred contributory negligence and assupmtion of risks on the part of plaintiff. In reversing the judgment of the lower court, the Court of Appeals held:

1. Under the Federal Employers' Liability Act (Comp. St. Par. 8657-8665) an employe assumes the risk of an accidental injury, incident to the employment, not caused by the negligence of an employer or of a fellow-servant.

2. As there was no evidence of any negligence on the part of a fellow-servant, a motion for a directed verdict should have been sustained.

Attorneys—Fred C. Rector, for Hocking Co.; Herman J. Nord and David F. Pugh, for Whitaker; all of Columbus.

### No. 697
### SCHWARTZ v. SWIFT & CO.
Ohio Appeals, 7th Dist., Mahoning County
Decided March 21, 1924

**1063.  SALES—Acceptance of an offer to sell for a given price constitutes a binding contract.**

POLLOCK, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Swift & Co. of Amsterdam, N. Y., brought an action against Schwartz, who was conducting a retail business in Youngstown, O., under the name of the Swift Notion Co. and selling the former's merchandise. The Swift Co. brought an action against Schwartz to recover the purchase price of certain articles sold to Schwartz. Schwartz admitted the indebtedness but claimed $177.00 as damages for failure of the Swift Co. to ship certain goods. The case was tried in the Municipal Court and after judgment, was appealed to the Common Pleas. This court rendered a judgment for the Swift Co. and dismissed the cross-petition. Schwartz then prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. As the letter written by Schwartz asking for samples asked for the cash price on immediate delivery, the offer of the seller was an offer to sell at a certain price, and the acceptance of this offer by the buyer, Schwartz, constituted a binding contract.

Attorneys—McKain & Ohl, for Schwartz; Dorman and Woodside, for Swift; all of Youngstown.